(16 Misc. Rep. 393.)

### CASE v. CASE et al.

(Supreme Court, Special Term, New York County.   March, 1896.)

1. WILLS—CONSTRUCTION—ESTATE OF LEGATEE.
   Testator gave to his mother "a life estate in all my real and personal estate," and directed the executor "to pay her the income thereof during her life." *Held*, that the implication of an estate in the executor from the direction to pay the income to the mother cannot prevail against the express devise to the mother.

2. SAME—SUSPENDING POWER OF ALIENATION.
   Testator, after giving his mother a life estate in all his property, gave to his brother and sister, "should they or either of them survive my said mother, and, after her demise, to their children, should either of them die, an undivided one-half interest in all my real and personal property, share and share alike; or, should either of them die without leaving issue, it is my wish, and I hereby order and direct, that the whole of my real and personal property should go to the survivor." *Held*, that testator intended on the death of his mother to vest the fee equally in his brother and sister if both should be living at the death of the mother, or, if either should be dead, to vest the fee in the survivor, and the issue, if any, of the deceased brother or sister, or wholly in the survivor, if the deceased brother or sister left no issue, and therefore there was not an unlawful suspension of the power of alienation.

Action by Thomas Case, as executor, against Mary Case and others, for the construction of a will.

Benjamin Franklin, for plaintiff.
Hermann Vogel, for defendants.

PRYOR, J.   The action is for a construction of the dispositive clauses in the will of Frank Joseph Case, written as follows:

"Second. I give and bequeath unto my beloved mother, Mary Case, widow of Frank J. Case, deceased, a life interest in all my real and personal estate, and direct my executor to pay her the income thereof during her life, should she survive me.

"Third. I give and bequeath unto my loved sister, Bertha Fox, wife of John Fox, and my beloved brother, Andrew Case, should they or either of them survive my said mother, and after her demise to their children, should either of them die, an undivided one-half interest in all my real and personal property, share and share alike; or should either of them die without leaving issue, it is my wish, and I hereby order and direct, that the whole of my real and personal property should go to the survivor."

Though manifestly the production of a layman, inexpert in the art of composition, the will sufficiently evinces the intention of the testator in the disposition of the realty,—the point presented for adjudication.   The second clause gives a life estate to the mother

of the testator. No title is communicated to the executor, nor is he, in terms, empowered to collect rents and profits. The implication of an estate in the executor, from the direction to pay income to the mother, cannot prevail, against the express and direct devise to her, especially since the intervention of the executor in the receipt of the income is neither a necessary, nor, apparently, a convenient, expedient. Robert v. Corning, 89 N. Y. 225, 237.

Suppose, however, the executor a trustee to receive and apply rents and profits to the use of the mother; the estate of the trustee ceases with her life. 1 Rev. St. 730, § 67. "Where, upon examination of a will, taken as a whole, the intention of the testator appears clear, but its plain and definite purposes are endangered by inapt and inaccurate modes of expression, the court may, and it is its duty to, subordinate the language to the intention. It may reject words and limitations, supply or transpose them, to get at the correct meaning." Phillips v. Davies, 92 N. Y. 199. In the light of this cardinal canon of construction, the sense and effect of the third clause is manifestly that, on the death of the mother, the fee is to vest equally in the brother and sister of the testator, if they both be living at the death of the mother. If either be then dead, the fee is to vest in the survivor, and the issue, if any, of the deceased brother or sister. If the deceased brother or sister leave no issue, the fee vests wholly in the survivor. No provision is made for the devolution of the estate in the event that both the brother and sister of the testator should die without issue during the life of his mother.

Upon the true construction of the clauses of the will in question, the conclusion is obvious that it involves no suspension of the power of alienation beyond the life of the mother, the primary devisee. The limitation over is of the absolute fee. Judgment will be entered in accordance with this opinion. Ordered accordingly.